1  SHILOH PARKER
2  3130 Balfour Rd
   Ste D - 519
3  Brentwood CA 94513
   shiloh@thesabfirm.com
4  424-330-5438

5  In Pro Per

6              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
7

| 8  SHILOH PARKER, an individual; | Case No.: |
|---|---|
| 9  | **COMPLAINT FOR DAMAGES** |
| 10         PLAINTIFF, | 1. Fraud by Intentional Misrepresentation In Violation of California Civil Code 1709, 1710, 1572; |
| 11    vs. | 2. Fraud by Negligent Misrepresentation In Violation of California Civil Code 1709, 1710; |
| 12  | |
| 13  HALEY FREIBERGER, an individual; KYLE FREIBERGER, an individual; DOES 1-30, inclusive, | 3. Breach of Good Faith and Fair Dealing Covenant |
| 14  | 4. Unfair Business Practice: Violation of Business & Professions Code §§ 17200, et seq. |
| 15  | |
| 16  | 5. Breach of Oral Contract |
| 17         DEFENDANTS. | 6. Disgorgement |
| 18  | **Plaintiff Demand Trial By Jury** |

19
20
21
22
23
24
25
26
27
28

                    COMPLAINT FOR DAMAGES

This case arises from two alleged "landlords" who engaged in an interstate rental scheme to defraud Plaintiffs, among other people, as alleged below. Plaintiff SHILOH PARKER and JOSEPH PARKER ("PLAINTIFFS"), an individual, bring this action against defendants HALEY FREIBERGER and KYLE FREIBERGER; ("DEFENDANTS"); and DOES 1-30, inclusive, collectively referred to as "Defendants", and alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action and the defendant pursuant to 28 U.S.C. § 1332(a)). This is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court of $75,000.00. During times relevant to this action, Plaintiff has been a resident of the State of California, and Defendants have conducted substantial, systematic, and continuous commercial activities in Athens, Georgia; and throughout the State of California.

2. Venue is proper in this judicial district pursuant to 28 U.S. Code § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in the County of Los Angeles, California where Plaintiff resided at the time that these events developed and where she engaged in the negotiation of the terms of the lease agreement. Further, the acts and omissions which are the subject of this Complaint occurred in the State of California.

3. During times relevant to this Complaint, Defendants resided and/or conducted business in CLARKE County, with their headquartered in the county of CLARKE, State of Georgia.

## FACTUAL ALLEGATIONS

4. Plaintiff's husband is a member of the National Guard of the State of Georgia.

5. Plaintiff Shiloh is an attorney licensed to practice law in the State of California, where she resides.

6. Plaintiff and her husband met in Arizona and got married a few months ago. Thereafter, they decided to move to Athens, Georgia, so Plaintiff Joseph could continue serving in the National Guard.

COMPLAINT FOR DAMAGES

7. Plaintiff utilized Zillow.com to search for a rental home.

8. Plaintiff found a rental with the property address of 325 Brookstone Drive Athens, Georgia 30605. Plaintiff and her husband applied for this rental property.

9. On or about February 5, 2024, Plaintiff and her husband; and Defendants engaged in negotiation. Defendants issued a lease agreement using Zillow. However, Plaintiff had not started negotiating yet. Therefore, the Plaintiff issued a counteroffer of $2,100 a month, keys were due when the Plaintiff signed the agreement, and the March 2024 rent was due March 1, 2024. Defendants agreed.

10. Defendants made the representation to Plaintiff that they had revised the agreement to reflect these changes. Plaintiff had no reason not to believe Defendants. Therefore, Plaintiff relied on Defendants' representation that the new lease had all the changes they agreed to.

11. However, Defendants did not make the changes they had agreed to. Rather, Defendants fraudulent kept out the provision that required Defendants to provide Plaintiff with the keys to the house once Plaintiff's paid the deposit of $2,100.00 and noted that the March 2024 rent was due on March 1, 2024, not earlier or later.

12. Further, Defendants misrepresented that there was a two-mile space/distance between the rental house and the houses to the left and right of the home. Plaintiff relied on the Defendants' misrepresentation that there was a two-mile distance between the houses to the right and left of the rental unit. Plaintiff had no reason to believe that what Defendants represented to her was untrue. Therefore, Plaintiff relied on Defendants' representations in signing the lease agreement. Plaintiff made it very clear to Defendant Kyle that distance and privacy were very important, and that was the only reason why Plaintiff decided to rent that property because it appeared from the pictures that there were at least two to four miles between the houses.

13. Defendant Kyle confirmed multiple times to Plaintiff that there was at least a two-mile distance between the houses around the house. However, this is completely and utterly false. Defendant Kyle intentionally and voluntarily deceived Plaintiff into believing that there was at least a two-mile

distance between the houses surrounding the rental property at issue. **Without being able to travel to Georgia from Arizona to observe the rental property, Plaintiff completely trusted and relied on Defendant Kyle's representations about the rental property at issue.**

14. However, Defendant Kyle's representations turned out to be false.

15. Plaintiff trusted Defendants were acting in good faith in updating the lease agreement with the provisions that they had agreed to.

16. Unknown to Plaintiffs, Defendants kept the provision discussed and agreed upon out of the lease. They represented to Plaintiff that they had revised the lease agreement to accurately reflect their agreement, causing Plaintiff to sign the lease agreement.

17. Thereafter, Defendant Haley rudely and excessively demanded that Plaintiff pay the deposit. Plaintiff Shiloh complied by sending $2,100.00 to Defendant Haley via Zelle.

18. In response, Plaintiff Shiloh demanded that Defendant Haley produce the keys to the home as agreed upon.

19. However, Defendant Haley refused to provide the keys as agreed. Instead, Defendant Haley demanded that Plaintiff pay March 2024's rent in advance.

20. Further, Defendants failed to provide the keys to the home and have refused to return Plaintiff's deposit.

21. In doing so, Defendants have breached the oral agreement that required Defendants to produce the keys when Plaintiff paid the deposit.

22. As a result of the Defendants' fraudulent actions, inactions, deceit, and fraudulent misrepresentations, the alleged written lease agreement asserted by Defendants is unenforceable, void, and/or annulled due to fraud.

23. As a result of the Defendants' malicious, oppressive, and intentional misrepresentations, Plaintiff has suffered general and special damages, punitive damages, loss of earnings, attorney fees, litigation costs, among others to be proven at trial.

COMPLAINT FOR DAMAGES

24. Based on information and belief, Defendants have executed their rental scheme on other renters. Multiple entities are currently investigating this matter for potential criminal conduct and/or a criminal scheme to defraud renters and/or potential renters.

25. Father, Plaintiff will be seeking assistance from the Federal Bureau of Investigation.

**FIRST CAUSE OF ACTION**
Fraud by Intentional Misrepresentation
In Violation of California Civil Code 1709, 1710, 1572
(By Plaintiff Against Defendants and all applicable DOES 1-30)

26. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

27. Under Civil Code section 1709, a defendant who willfully deceives a plaintiff with the intent to induce him to alter his position to his detriment "is liable for any damage which he thereby suffers." Civil Code section 3333, the general tort damage measure, provides that the "measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." As one leading treatise has noted, these two statutes support imposing benefit-of-the-bargain damages in real property transactions involving a fraudulent fiduciary " 'because a fiduciary should be responsible to compensate his or her principal for the full amount of the loss caused by his or her breach of duty.' " (*See* Fragale v. Faulkner (2003) 110 Cal.App.4th 229, 238–239 (*Fragale*), quoting 2 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 3.33, pp. 190–191, fns. omitted.)

28. Defendants engaged in fraud by negligent misrepresentation when they mislead Plaintiff about the details of renting the rental property at issue in this matter as outlined above.

29. The actions and representations by Defendants were false. Defendants knew or should have known they were false. Nevertheless, in a reckless disregard to their truth, they made these representations in an attempt to fraudulently induce Plaintiff to transmit money across state lines using an application called Zelle.

COMPLAINT FOR DAMAGES

30. Defendants intended for Plaintiff to rely on their false representations.

31. Plaintiff had no reason not to believe Defendants. Therefore, Plaintiff relied on the false representations made by Defendants and/or their agents/representatives.

32. In doing so, Plaintiff has suffered an excess of $75,000.00 in damages.

33. Plaintiff's reliance on Defendants' false representations to Plaintiff was/is a substantial factor in causing Plaintiff's harm.

34. PLAINTIFF seeks to recover attorney's fees and/or any damages that Plaintiff has suffered as a result of the intentional misrepresentations, under 1709.[1]

**WHEREFORE**, PLAINTIFF prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
Fraud by Negligent Misrepresentation
In Violation of California Civil Code 1709, 1710
(By Plaintiff Against Defendants and all applicable DOES 1-30)

35. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

36. Under Civil Code section 1709, a defendant who willfully deceives a plaintiff with the intent to induce him to alter his position to his detriment "is liable for any damage which he thereby suffers." Civil Code section 3333, the general tort damage measure, provides that the "measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." As one leading treatise has noted, these two statutes support imposing benefit-of-the-bargain damages in real property transactions involving a fraudulent

---

[1] Under Civil Code section 1709, a defendant who willfully deceives a plaintiff with the intent to induce him to alter his position to his detriment "is liable for any damage which he thereby suffers." Civil Code section 3333, the general tort damage measure, provides that the "measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." As one leading treatise has noted, these two statutes support imposing benefit-of-the-bargain damages in real property transactions involving a fraudulent fiduciary " 'because a fiduciary should be responsible to compensate his or her principal for the full amount of the loss caused by his or her breach of duty.' " (*See* Fragale v. Faulkner (2003) 110 Cal.App.4th 229, 238–239 (*Fragale*), quoting 2 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 3.33, pp. 190–191, fns. omitted.)

COMPLAINT FOR DAMAGES

fiduciary " 'because a fiduciary should be responsible to compensate his or her principal for the full amount of the loss caused by his or her breach of duty.' " (See Fragale v. Faulkner (2003) 110 Cal.App.4th 229, 238–239 (*Fragale*), quoting 2 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 3.33, pp. 190–191, fns. omitted.)

37. Defendants engaged in fraud by negligent misrepresentation when they misled Plaintiff to believe that their representations, outlined above, were true when, in fact, they were false.

38. These actions taken and representations made by Defendants were false, and Defendants knew or should have known they were false. Nevertheless, in a reckless disregard to their truth, they made these representations in an attempt to fraudulently induce Plaintiff to transfer money across state lines via an application named Zelle.

39. Defendants intended for Plaintiff to rely on their false representations.

40. Plaintiff had no reason not to believe Defendants. Therefore, Plaintiff relied on the false representations made by Defendants and/or their agents/representatives.

41. In doing so, Plaintiff has suffered an excess of $75,000.00 in damages.

42. Plaintiff's reliance on Defendants' false representations to Plaintiff was/is a substantial factor in causing Plaintiff's harm.

43. PLAINTIFF seeks to recover attorney's fees and/or any damages that Plaintiff has suffered as a result of the intentional misrepresentations, under 1709.[2]

**WHEREFORE**, PLAINTIFF prays for judgment as hereinafter set forth.

---

[2] Under Civil Code section 1709, a defendant who willfully deceives a plaintiff with the intent to induce him to alter his position to his detriment "is liable for any damage which he thereby suffers." Civil Code section 3333, the general tort damage measure, provides that the "measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." As one leading treatise has noted, these two statutes support imposing benefit-of-the-bargain damages in real property transactions involving a fraudulent fiduciary " 'because a fiduciary should be responsible to compensate his or her principal for the full amount of the loss caused by his or her breach of duty.' " (See Fragale v. Faulkner (2003) 110 Cal.App.4th 229, 238–239 (*Fragale*), quoting 2 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 3.33, pp. 190–191, fns. omitted.)

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**
Breach of Good Faith and Fair Dealing Covenant
(By Plaintiff Against Defendants and all applicable DOES 1-30)

44. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

45. Plaintiff relied on the covenant of good faith and fair dealing covenant and on the representations made by Defendants.

46. In reliance of Defendants' representations, Plaintiff signed a lease agreement for the rental property as issue in this matter. However, Defendants intentionally excluded the provision that would require them to render the keys of said rental home once Plaintiff paid their deposit.

47. As alleged, Defendants breached the implied covenant of good faith and fair dealings implied in every contract.

**FOURTH CAUSE OF ACTION**
Unfair Business Practice: Violation of Business & Professions Code §§ 17200, et seq.
(By Plaintiff Against Defendants and all applicable DOES 1-30)

48. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

49. Business & Professions Code § 17200 states: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

50. PLAINTIFF alleges on information and belief that DEFENDANTS' acts and omissions, as described in this Complaint, multiple California laws. PLAINTIFF alleges on information and belief that DEFENDANTS knew or should have known of the unlawful nature of their respective acts and omissions, as described in this Complaint – and that such conduct reflects a deliberate defraud Plaintiff and other potential renters.

51. PLAINTIFF further alleges on information and belief that such acts and omissions

constitute unlawful business practices and amount to policies in violation of the laws outlined in this Complaint given that they occurred in a continuing and systematic manner over a substantial period of time to the detriment of PLAINTIFF and potential renters such as Plaintiff's husband, among others.

52. PLAINTIFF is informed and believes, and on that basis alleges that, at all times herein mentioned, DEFENDANTS, by and through its respective agents, including but not limited to HALEY and KYLE, engaged in the above-mentioned acts of unlawful, deceptive, and unfair business practices prohibited by Business and Professions Code §§ 17200 et seq., including those set forth in this paragraph, and thereby deprived PLAINTIFF of civil rights and money.

53. By their conduct during the applicable statutory period, including but not limited to the conduct herein described, which includes but is not limited to matters alleged on information and belief, DEFENDANTS engaged in unfair business practices in violation of Business & Professions Code § 17200, *et seq.* and other laws as detailed above. DEFENDANTS' use of such practices constitutes unfair competition and provides an unfair advantage over DEFENDANTS' competitors who conduct business in the State of California and comply with their obligations to follow the law.

54. As a result of DEFENDANTS' unfair competition and unlawful business practices, as herein alleged, PLAINTIFF suffered injury in fact and lost money or property; specifically, DEFENDANTS' unfair business practices directly deprived PLAINTIFF of basic rights and money. Pursuant to Business & Professions Code § 17203, PLAINTIFF is entitled to seek restitution of all monies belonging to PLAINTIFF, including interest thereon, which DEFENDANTS wrongfully withheld and retained for itself by means of its unlawful and unfair business practices.

55. PLAINTIFF is entitled to an injunction and other declaratory and equitable relief against such practices to prevent future damage for which thereis no adequate remedy at law, and to avoid a multiplicity of lawsuits.

56. PLAINTIFF is informed and believes, and on that basis alleges, that the illegal conduct herein alleged is continuing and that there is no indication that DEFENDANTS will cease and desist

from such activity in the future. PLAINTIFF further alleges that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, DEFENDANTS will continue to defraud other potential renters such as Plaintiff and her husband.

57. As a direct and proximate result of DEFENDANTS' conduct, DEFENDANTS have received and will continue to receive monies that rightfully belong to members of the general public who have been adversely affected by DEFENDANTS' conduct, as well as to PLAINTIFF by virtue of defrauded monies.

58. PLAINTIFF is entitled and seeks any and all available remedies including but not limited to restitution and recovery of reasonable attorney's fees and costs pursuant to Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq., the substantial benefit doctrine, and/or the common fund doctrine.

**WHEREFORE**, PLAINTIFF prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION
Breach of Oral Contract
(By Plaintiff Against Defendants and all applicable DOES 1-30)

59. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

60. On or about February 5, 2023, Plaintiff entered into an oral contract with Defendants to rent the property at issue in this matter for $2,100 a month, with the lease beginning on March 1, 2023, with Defendants being required to give Plaintiff the keys to the house when Plaintiff tendered the deposit to Defendants of $2,100.00 via Zelle. Further, as part of their oral agreement, Defendants agreed to ascertain these agreements into a written lease agreement.

61. However, Defendants failed to ascertain these agreements into a lease agreement. Instead, Defendants made multiple false misrepresentations to Plaintiff that they had ascertained the agreed-upon terms into a written agreement. However, this was untrue.

**PRAYER FOR RELIEF**

COMPLAINT FOR DAMAGES

**WHEREFORE**, PLAINTIFF prays for relief as follows:

a. For declaratory relief to the extent permitted by law;

b. For injunctive relief to the extent permitted by law including, but not limited to, preventing Defendants from continuing to defraud other consumers;

c. For restitution as provided by Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq.

d. For attorney fees and litigation costs pursuant to Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq.;

e. For disgorgement of all funds Defendants obtained by fraud;

f. For an award of any and all monies required to be paid and/or reimbursed to Plaintiff including but not limited to monies required to be indemnified for;

g. For penalties to the extent permitted pursuant to Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq..

h. For an award of damages to the extent permissible by Code of Civil Procedure § 1021.5, Business and Professions Code § 17200 et seq.

i. For an award of punitive damages to the extent permissible by law;

j. For a money judgment representing restitution damages together with interest on said amounts, according to proof;

k. For general and special damages according to proof;

l. For lost wages, loss of benefits and/or other economic damages, according to proof;

m. For pre- and post-judgment interest to the extent permitted by law;

n. An award of such other and further relief as this Court deems proper and just.

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demand trial of this matter by jury to the extent authorized by law.

Dated: February 13, 2024

                                           /s/ Shiloh Parker
                                        **SHILOH PARKER**
                                        *In Pro Per*

COMPLAINT FOR DAMAGES